UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICK VANDERMARK,

                                                       Plaintiff,

v.                                                                           3:15-CV-1446 (BKS/DEP)

CITIZENS COMMUNICATIONS COMPANY OF NEW
YORK, INC., a/k/a Citizens Telecom of New York,

                                                       Defendant.
_____

**APPEARANCES:**

For Plaintiff:
**Ronald R. Benjamin, Esq.**
Law Office of Ronald R. Benjamin
126 Riverside Drive, P.O. Box 607
Binghamton, NY 13902

For Defendant:
**Margaret A. Clemens, Esq.**
**Hinna M. Upal, Esq.**
Littler Mendelson, P.C.
375 Woodcliff Drive, 2nd Floor
Fairport, NY 14450

**Hon. Brenda K. Sannes, United States District Court Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff Rick Vandermark brings this action against Defendant Citizens Communication Company of New York, Inc. ("Citizens") asserting claims for: (1) breach of a collective bargaining agreement ("CBA"); (2) retaliation; and (3) breach of the duty of good faith and fair dealing. (Dkt. Nos. 2, 16). Plaintiff's First and Third Claims are preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and are construed as claims under §

1

301 of the LMRA. (Dkt. No. 15). Defendant Citizens moves to dismiss the Amended Complaint. (Dkt. No. 20). For the reasons below, that motion is granted.

## II. BACKGROUND

The Court assumes familiarity with the factual background of this case, as set forth in its previous decision on November 21, 2016, which adjudicated Defendant Citizens' first motion to dismiss. (Dkt. No. 15). In that Order, the Court dismissed the LMRA claims in Plaintiff's original Complaint on the grounds that Plaintiff failed to plausibly allege facts showing that the union breached its duty of fair representation. (*Id.*). Plaintiff filed an Amended Complaint on December 12, 2016, in which he alleges additional facts about the conduct of Defendant and the union. (Dkt. No. 16).[1]

## III. STANDARD OF REVIEW

To survive a dismissal motion, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

## IV. DISCUSSION

### A. Hybrid Claim under LMRA § 301

Ordinarily, an employee seeking to sue his employer for breach of a collective-bargaining agreement must first "attempt to exhaust any grievance or arbitration remedies provided in the

---

[1] Relevant allegations are discussed in detail below.

collective-bargaining agreement." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). "Even if plaintiff failed to exhaust the CBA's grievance procedures, however, 'a wrongfully discharged employee may bring an action against [his] employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.'" *Doyle v. United Airlines, Inc.*, 914 F. Supp. 2d 325, 338 (E.D.N.Y. 2012) (quoting *Vaca v. Sipes*, 386 U.S. 171, 186)). "In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *DelCostello*, 462 U.S. at 164 (citing, *inter alia*, *Vaca*, 386 U.S. 171; *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554 (1976)). This hybrid claim bears a statute of limitations of "six months, which begins to run when the employee knew or should have known of the breach of the duty of fair representation." *Doyle*, 914 F. Supp. 2d at 338 (quoting *White v. White Rose Food*, 128 F.3d 110, 114 (2d Cir. 1997)).

To establish a claim of breach of the duty of fair representation, Plaintiff must show (1) "that the union's actions or inactions are either arbitrary, discriminatory or in bad faith" and (2) "a causal connection between the union's wrongful conduct and [his] injuries." *Vaughn v. Air Line Pilots Ass'n, Intern.*, 604 F.3d 703, 709 (2d Cir. 2010) (internal marks omitted) (quoting *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991)). In order to allege that a union breached its duty of fair representation, a plaintiff faces an "enormous burden." *Dennis v. Local 804, L.B.T. Union*, No. 07 Civ. 9754 (HB), 2009 WL 1473484, at *5, 2009 U.S. Dist. LEXIS 44817, at *17 (S.D.N.Y. May 27, 2009) (internal quotation omitted). "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Vaughn*, 604 F.3d at 709

(quoting O'Neill, 499 U.S. at 67). "Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach." *Id.* (quoting *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989). A union acts in bad faith when it "acts with an improper intent, purpose, or motive," which encompasses "fraud, dishonesty, and other intentionally misleading conduct." *Flight Attendants in Reunion v. Am. Airlines, Inc.*, 813 F.3d 468, 474 (2d Cir.), *cert. denied*, 137 S. Ct. 313 (2016) (quoting *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998)). Moreover, judicial review of the union's decisions is "'highly deferential, recognizing the wide latitude that [unions] need for the effective performance of their bargaining responsibilities.'" *Walsh v. IBEW Local 503*, No. 14-CV-1677 (VB), 2015 WL 5474231, at *4, 2015 U.S. Dist. LEXIS 128625, at *13 (S.D.N.Y. Aug. 12, 2015) (alteration original in *Walsh*) (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991)).

     In the Amended Complaint, Plaintiff protests the union's "pro forma" appearances at his disciplinary hearings, the union manager's absence from the meeting where Plaintiff was terminated, the sufficiency of the grievance filed by the union, the union's failure to provide him with information regarding the "Step 4 meeting" or to return his phone calls seeking information regarding this meeting, the union's failure to present argument or evidence at the Step 4 meeting, and the union's decision not to pursue arbitration. (Dkt. No. 16, ¶ 14, 23, 25, 27, 30, 31). Plaintiff alleges that he was terminated shortly after he had spoken with a customer who had created a hazardous "loop," connecting a wire from a phone in a way that created a risk of electrocution to Plaintiff as he was making a repair. (*Id.* ¶¶ 16–19). The customer complained that Plaintiff was rude. (*Id.* ¶ 20). In the termination meeting, Defendant told Plaintiff "this was his last complaint," and terminated him immediately. (*Id.* ¶ 24). Plaintiff objects to the union's

failure to advocate regarding the safety hazards underlying his conversation with the customer. (*Id.* ¶ 28, 30).

Plaintiff has failed to plausibly allege that the union's actions were arbitrary, discriminatory or in bad faith. His allegations pertain to tactical errors or negligent representation, which, as noted above, do not support a claim based upon the duty of fair representation. *See Barr*, 868 F.2d at 43 (noting that while union's refusal to present witnesses and failure to prepare "might conceivably have affected the outcome of the arbitration, they indubitably do not rise to the level of bad faith and arbitrariness"); *Cruz v. Local Union No. 3 of Int'l Bhd. Of Elec. Workers*, 34 F.3d 1148, 1153–54 (2d Cir. 1994) (noting that there is no breach of the duty of fair representation even where the union "fails . . . to process a grievance due to error in evaluating the merits of the grievance"). Furthermore, there is no "absolute right to have a grievance arbitrated[; r]ather, a union's decision to settle or proceed to arbitration is a discretionary determination to be made by the union and does not breach the duty of fair representation." *Vaughn v. AT&T*, 92 F. App'x 21, 23 (2d Cir. 2004). Thus, Plaintiff fails to state a claim for relief under § 301. Plaintiff has not asked to replead and there is no indication in the record that Plaintiff "could--or would--provide allegations that might lead to a different result." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011). The § 301 claim is therefore dismissed with prejudice.[2] *Id.*; *Neal v. Martinez*, No. 01 Cv. 11587 (VM), 2003 WL 260524, at *4, 2003 U.S. Dist. LEXIS 1672, at *11 (S.D.N.Y. Feb. 4, 2003).

### B. Retaliation Claim

In the Amended Complaint, Plaintiff alleges that Defendant unlawfully retaliated against him because of his complaints to human resources about "the improper comments and conduct" of his supervisors. (Dkt. No. 16, ¶ 45). Plaintiff alleged that his supervisor Claudia Maroney

---

[2] Having so ruled, the Court need not address Defendant's statute of limitations argument.

"often" made comments such as "I put a target on your back, I'm coming after you and I'm gonna get you fired, and "I have a bulls-eye on your back." (*Id.* at ¶ 8) (internal quotations omitted). Plaintiff alleges that "as a result" of Maroney's conduct, he brought a discrimination action with the New York State Division of Human Rights ("NYSDHR") alleging discrimination based on being a military veteran. *Id.* at ¶ 8. That action was dismissed on February 6, 2015. (*Id.* at ¶ 8).[3] Plaintiff alleged that he complained to Human Resources about Maroney's "inappropriate comments." (*Id.* at ¶ 9). Plaintiff failed to provide any information regarding *when* he complained to Human Resources. (*Id.*). Plaintiff alleges that Maroney stopped "making direct comments" to him after this complaint, but that Plaintiff then "began to be written up frequently and was given bad reports for satisfactory work." According to Plaintiff, one of the supervisors under Maroney, Woodyshek, "constantly harassed" plaintiff' and impeded plaintiff's "ability to complete his work safely and quickly." (*Id.* at ¶ 11). Plaintiff has failed to identify any particulars of Woodyshek's alleged harassment that would indicate it was based upon protected activity.

As Defendant notes, Plaintiff has failed to identify "any specific statutory or other legal authority" for his retaliation claim. (Dkt. No. 20-5, pp. 7–8).[4] The Court previously construed this claim as a state law claim, (Dkt. No. 15 pp. 12–13 n. 5), and Plaintiff has not indicated otherwise.[5] To the extent Plaintiff seeks to allege a military status discrimination claim under

---

[3] Defendant has submitted the Determination and Order After Investigation dismissing the complaint. (Dkt. No. 6-8). Plaintiff may not rely on his NYSDHR action as a basis for his retaliation claim, because he filed that action *after* he was terminated. (Dkt. No. 21-1, p. 10; *see* Dkt. No. 6-7, p. 5).

[4] Defendant also challenges the sufficiency of any conceivable retaliation claim, noting *inter alia*, that in light of the general nature of Maroney's alleged comments, the vague allegations regarding Plaintiff's complaint to Human Resources, and the absence of any date of that complaint, Plaintiff has failed to plausibly allege that he complained of discrimination on the basis of a protected activity; that Defendant was aware of Plaintiff's protected activity; or that there was any causal connection between that complaint and his termination. (Dkt. No. 20-5, pp. 9–20). The Court agrees.

[5] As the Court noted in its previous decision, "[d]iscrimination on the basis of veteran status is not an unlawful employment practice under Title VII" and cannot form the basis of a retaliation claim. (Dkt. No. 15, fn. 5).

the NYSHRL, the Court lacks jurisdiction over the claim. The New York Human Rights Law provides,

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . *unless such person has filed a complaint hereunder or with any local commission on human rights*, . . . provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. L. § 297(9) (emphasis added). "Thus, by the terms of the statute . . . the NYHRL . . . claims, once brought before the [DHR], may not be brought again as a plenary action in another court. *York v. Ass'n of the Bar*, 286 F.3d 122, 127 (2d Cir. 2002). Plaintiff's NYSHRL action was investigated and dismissed. (Dkt. No. 16, p. 2; Dkt. No. 6-8, pp. 2–3). Because none of the statutory exceptions apply to this case, the state law retaliation claim is dismissed for want of jurisdiction.

### C. Breach of Duty Claim

For the reasons discussed at length in the Court's previous decision of November 11, 2016, Plaintiff has no remedy for a breach of duty outside his hybrid LMRA claim. (Dkt. No. 15, pp. 9–12). Therefore, Plaintiff's breach of duty claim is dismissed with prejudice. *See Costa v. Astoria Federal Sav. and Loan Ass'n*, 995 F. Supp. 2d 146, 155 (E.D.N.Y. 2014) (dismissing preempted state law claims with prejudice).

### V. CONCLUSION

For these reasons, it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's Amended Complaint (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims arising under LMRA § 301 are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's state law retaliation claim is **DISMISSED for want of jurisdiction**.

**IT IS SO ORDERED.**

May 26, 2017
Syracuse, New York

Brenda K. Sannes
U.S. District Judge